UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SOUTHERN-OWNERS INSURANCE COMPANY,

    Plaintiff,

vs.

OMNI AMELIA ISLAND, LLC, MANHATTAN CONSTRUCTION (FLORIDA), INC., NEW ERA BUILDING, INC., STARR INDEMNITY AND LIABILITY COMPANY, CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY; and UNITED SPECIALTY INSURANCE COMPANY

    Defendants.

CASE NO.:

_____/

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, Southern-Owners Insurance Company ("Southern-Owners"), by and through the undersigned counsel, sues Omni Amelia Island, LLC ("Omni"), Manhattan Construction (Florida), Inc. ("MCI"), New Era Building, Inc. ("New Era"), Starr Indemnity & Liability Insurance Company ("Starr"), Cincinnati Specialty Underwriters Insurance Company ("Cincinnati"), and United Specialty Insurance Company ("United") and alleges as follows:

1. Plaintiff, Southern-Owners is a corporation organized and existing under the laws of the state of Michigan and is authorized to do business in the state of Florida. Its principal place of business is Lansing, Michigan.

2. Defendant, Omni is a Delaware corporation authorized to transact business in the state of Florida and is the owner of the project located in Nassau County, Florida (the "Project") that is the subject of the underlying construction lawsuit upon which this action is based.

3. Defendant, MCI is a Florida corporation authorized to transact business in the state of Florida, with its principal place of business in the state of Florida. At all times material, MCI was operating, conducting business, engaging in, and/or carrying on business in Nassau County, Florida.

4. Defendant, New Era is a Florida corporation authorized to transact business in Florida, with its principal place of business in the state of Florida. At all times material, New Era was operating, conducting business, engaging in, and/or carrying on business in Nassau County, Florida.

5. Defendant, Starr is a corporation organized and existing under the laws of the state of Texas with its principal place of business in the state of New York and is authorized to transact business in Florida. At all times material, Starr was operating, conducting business, engaging in, and/or carrying on business in Nassau County, Florida.

6. Defendant, Cincinnati is a corporation organized and existing under the laws of the state of Delaware with its principal place of business in the state of Ohio and

is authorized to transact business in Florida. At all times material, Starr was operating, conducting business, engaging in, and/or carrying on business in Nassau County, Florida.

7. Defendant, United is a corporation organized and existing under the laws of the state of Delaware with its principal place of business in the state of Texas and is authorized to transact business in Florida. At all times material, Starr was operating, conducting business, engaging in, and/or carrying on business in Nassau County, Florida.

8. Omni filed a lawsuit (the "Underlying Complaint") alleging certain construction defects in the Project against MCI, New Era, and other parties in the Circuit Court of the Fourth Judicial Circuit, in Nassau County, Florida, Case No. 45-2020-CA-000180-AXYX (the "Underlying Action").

9. In the Underlying Action, MCI filed a Cross-Claim against New Era.

10. Southern-Owners issued and delivered a Commercial General Liability Policy and an Umbrella Liability Policy to its named insured, New Era, in Collier County, Florida.

11. Southern-Owners is presently providing a defense to New Era against the claims asserted by Omni and MCI in the Underlying Action.

12. Starr, Cincinnati, and United also issued and delivered Commercial General Liability policies to New Era in Collier County, Florida.

13. This declaratory judgment action concerns whether the Southern-Owners policy issued to New Era affords liability coverage to New Era for the claims made by

Omni and MCI in the Underlying Action, and as such, whether Southern-Owners has a duty to defend or indemnify New Era and whether Southern-Owners has a duty to defend or indemnify MCI as an additional insured against the claims made by Omni in the Underlying Action.

14. Defendants, Omni, MCI, New Era, Starr, Cincinnati, and United's rights may be materially affected by this declaratory action and thus, all are properly joined as defendants.

## JURISDICTION AND VENUE

15. This is an action for declaratory judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201-2202, seeking a declaration of the rights, duties, and liabilities of the parties under the policy of insurance with a liability limit of $2,000,000.00 issued by Southern-Owners to New Era.

16. Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332 because the citizenship of Southern-Owners is diverse from that of all Defendants and the amount in controversy is in excess of $75,000.00, exclusive of interest and costs; specifically, the amount of damages sought from New Era in the Underlying Action for which there is contended to be coverage under the Southern-Owners CGL Policies described below exceeds $75,000.00, exclusive of interest and costs.

17. Venue is proper in the Middle District of Florida because the alleged acts and omissions at issue occurred in Nassau County, Florida.

## THE UNDERLYING ACTION

18. On June 26, 2020, Omni filed a Complaint against MCI, Omni, and other parties in the Underlying Action (the "Underlying Complaint"). A copy of the Underlying Complaint is attached hereto as "Exhibit A."

19. Omni entered a contract in January of 2012 with MCI to serve as the construction manager of the Omni Amelia Island Plantation Resort Project. See, Exhibit A, ¶10-11.

20. MCI then subcontracted with New Era to perform stucco and related work on the Project. See, Exh. A, ¶ 13(a).

21. The Underlying Complaint asserts a single claim for common law negligence against New Era.

22. Specifically, the Underlying Complaint alleges that New Era "owed Omni a duty of reasonable care in the installation of stucco, cementitious waterproofing and related work for the Project" (Exh. A ¶ 72) and that "New Era breached its duty to Omni by negligently providing and installing its work for the Project" (Exh. A ¶ 73).

23. The Underlying Complaint further alleges that "New Era's negligence has resulted in water intrusion, excessive cracking and caused damage to other property and the work of other subcontractors." (Exh. A ¶ 74).

## THE SOUTHERN-OWNERS POLICIES

24. Southern-Owners issued the following commercial general liability policies (collectively, the "CGL Policies") to New Era, which policies are attached hereto as Composite "Exhibit B":

- Policy 102312-20726871-10, eff. 01/14/2010 – 01/14/2011
- Policy 102312-20726871-11, eff. 01/14/2011 – 01/14/2012
- Policy 102312-20726871-12, eff. 01/14/2012 – 08/14/2012

25. The CGL Policies contain the following relevant language

**SECTION I – COVERAGES**

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. . .

   * * *

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**.

   b. This insurance applies to "bodily injury" and "property damage" only if:
   (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
   (2) The "bodily injury" or "property damage" occurs during the policy period;
   * * *

2. **Exclusions**

   This insurance does not apply to:

   * * *

   **j. Damage To Property**

   "Property damage" to:

   (1) Property you own, rent, occupy or use, including any cost or expense incurred by you, or any other person, organization or

entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

**(2)** Property that any of your:

> **(a)** "Employees";
> **(b)** "Volunteer workers";
> **(c)** Partners or members (if you are a partnership or joint venture); or
> **(d)** Members (if you are a limited liability company)

own, rent, occupy or use. However, this exclusion **j.(2)**, shall not apply to your liability for damage to such property;

**(3)** Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

**(4)** Property loaned to you;

**(5)** Personal property in the care, custody or control of, or over which physical control is being exercised for any purpose by any insured;

**(6)** That particular part of real property on which any insured or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

**(7)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraphs **(1), (2), (4)** and **(5)** of this exclusion do not apply to "property damage" (other than damage by fire) to premises, including the contents of such premises, rented to you for a period of seven or fewer consecutive days. A separate limit of insurance applies to Damage To Premises Rented To You as described in Section **III** – Limits of Insurance.

Paragraph **(3)** of this exclusion does not apply if the premises are "your work" and were never occupied, rental or held for rental by you.

Paragraphs **(4), (5), (6)** and **(7)** of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph **(7)** of this exclusion does not apply to "property damage" in the "products-completed operations hazard".

**k. Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l. Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

**m. Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or
(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**n. Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of

(1) "Your product";
(2) "Your work"; or
(3) "Impaired property"

If such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of

>> a known or suspected defect, deficiency, inadequacy or dangerous condition on it.

* * *

Exh. B, pp. 7-12, 72-77, 124-129.

26. The CGL Policies also contain the following pertinent policy definitions:

> **SECTION V – DEFINITIONS**
>
> **18. "Property damage" means:**
>
>> **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>>
>> **b.** Loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the "occurrence" that caused it.
>
> * * *
>
> **26. "Your product":**
>
>> **a. Means:**
>>
>>> **(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
>>>
>>>> **(a)** You;
>>>>
>>>> **(b)** Others trading under your name; or
>>>>
>>>> **(c)** A person or organization whose business or assets you have acquired; and
>>>
>>> **(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.
>
> **27. "Your work":**
>
>> **a. Means:**

      (1) Work or operations performed by you or on your behalf; and

      (2) Materials, parts or equipment furnished in connection with such work or operations.

**b. Includes:**

      (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

      (2) The providing of or failure to provide warnings or instructions.

* * *

Exh. B, pp. 26-27, 91-92, 143-144.

27. Additionally, each of the CGL Policies contain Endorsement Form 55189 (09-04), the Exterior Finishing System and Stucco Exclusion – Form A, which states:

**EXTERIOR FINISHING SYSTEM AND STUCCO EXCLUSION – FORM A**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A. Under SECTION I – COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIBILITY, 2. Exclusions and COVEARAGE B. PERSONAL INJURY AND ADVERTISING INJURY LIABILITY, 2. EXCLUSIONS,** the following exclusion is added:

**Exterior Finishing System and Stucco**

This insurance does not apply to any claim, "suit", action or proceeding for "bodily injury", "property damage", "personal injury" or "advertising injury" which is in any way related to or arising out of any "exterior finishing system" or exterior "stucco" application.

Exh. B, pp. 43, 71, 122.

28. Southern-Owners also issued the following umbrella policies (the "Umbrella Policies") to New Era, which policies are attached hereto as Composite "Exhibit C":

- Policy 48-274-940-00, eff. 01/14/2010 – 01/14/2011
- Policy 48-274-940-00, eff. 01/14/2011 – 01/14/2012
- Policy 48-274-940-00, eff. 01/14/2012 – 08/14/2012

29. Each of the Umbrella Policies also contain Endorsement Form 26406 (07-05), the Exterior Finishing System and Stucco Exclusion – Form A, which states:

\* \* \*

**A.** The following definitions are added to the DEFINITIONS section of the policy:

**Exterior finishing system** means an exterior insulating and finishing system applied to the exterior of a structure which incorporates any synthetic stucco or material similar in substance or purpose and which may also include:
insulating board or other material; adhesive or mechanical fasteners; and the application of flashings, coatings, caulking or sealants.

**Stucco** means a material made of portland cement, sand, cement, lime and/or plaster, or any combination thereof, applied as a hard covering for exterior walls.

**B.** The following exclusion is added to the EXCLUSIONS section of the policy:

This policy does not apply to any claim, **suit**, action or proceeding for **bodily injury, property damage, personal** injury or advertising injury which is in any way related to or arising out of any **exterior** finishing **system** or exterior stucco application.

\* \* \*

Exh. C, pp. 17, 70, 119.

30. MCI is not scheduled as an additional insured under the CGL Policies. However, the CGL Policies contain the following Blanket Additional Insured Endorsement, Form 55737 (1-07), which states in pertinent part:

> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE FORM
>
> A. Under **SECTION II – WHO IS AN INSURED**, the following is added:
>
> > A person or organization is an Additional Insured, only with respect to liability arising out of "your work" for that Additional Insured by or for you:
> >
> > 1. If required in a written contract or agreement; or
> > 2. If required by an oral contract or agreement only if a Certificate of Insurance was issued prior to the loss indicating that the person or organization was an Additional Insured.
>
> \* \* \*

Exh. B, pp. 40, 70, 123.

## SUBSEQUENT POLICIES

31. After the cancellation of its last policy with Southern-Owners, New Era procured commercial general liability insurance policies from Starr, Cincinnati, and United as follows:

- Starr Policy SIPFFL004240, eff. 09/19/2012 – 09/19/2013
- Starr Policy SLPGGL0204100, eff. 09/19/2013 – 09/19/2014
- Cincinnati Policy CSU0062691, eff. 09/19/2014 – 09/19/2015
- Cincinnati Policy CSU0062691, eff. 09/19/2015 – 09/19/2016
- Cincinnati Policy CSU0062691, eff. 09/19/2016 – 09/19/2017
- Cincinnati Policy CSU0062702, eff. 09/19/2017 – 09/19/2018
- Cincinnati Policy CSU0062702, eff. 09/19/2018 – 09/19/2019
- Cincinnati Policy CSU0062702, eff. 09/19/2019 – 09/19/2020
- United Policy ATN2016861, eff. 09/19/2020 – 09/19/2021

## DECLARATORY JUDGMENT

32. Southern-Owners contends that there is no coverage under either the CGL Policies or the Umbrella Policies for any claims against New Era based on the allegation in the Underlying Action that "New Era breached its duty to Omni by negligently providing and installing its [stucco] work for the Project," *see*, Exhibit A, ¶¶ 72 and 73, because both the CGL Policies and the Umbrella Policies exclude liability coverage for damage that is in any way related to the exterior finishing system or stucco application, *see*, Exhibit B, Endorsement Form 55189 (09-04); *see also*, Exh. C, Endorsement Form 26406 (07-05), and the Underlying Complaint's allegations against New Era are limited to New Era's stucco work on the Project, and because both the CGL Policies and the Umbrella Policies exclude liability coverage for damage to "your product" or "your work" as applicable.

33. Defendants Omni, MCI and New Era contend that there is coverage under either the CGL Policies or the Umbrella Policies for the claims against New Era in the Underlying Action.

34. Defendants Starr, Cincinnati, and United contend they have a right to contribution from Southern-Owners for the cost to defend New Era in the Underlying Action, and Southern-Owners contends that there is no such right to contribution because both the CGL Policies and the Umbrella Policies exclude liability coverage for damage that is in any way related to the exterior finishing system or stucco application.

35. There is a bona fide dispute and an actual, justiciable, genuine controversy between the parties as to whether there is coverage under either the CGL Policies or the Umbrella Policies for the claims against New Era in the Underlying Action.

36. Southern-Owners is in doubt as to the availability of coverage under either the CGL Policies or the Umbrella Policies for the claims against New Era in the Underlying Action and as to its rights, duties, status and other equitable or legal relations under the CGL Policies and the Umbrella Policies, and is entitled to a declaration of such rights, duties, status and other equitable or legal relations.

37. All conditions precedent required for this action to be brought have been performed, have occurred or have been waived.

WHEREFORE, Plaintiff, Southern-Owners Insurance Company, respectfully requests that this Court

a. Take jurisdiction of this case, its parties and its subject matter, and
b. Enter a declaratory judgment which
   1. Interprets the CGL Policies and the Umbrella Policies;
   2. Applies the Court's interpretations to the facts of this case;
   3. Determines the respective rights, duties, status and other equitable or legal relations of the parties to this action; and
   4. Specifically declares that the CGL Policies and Umbrella Policies do not provide liability coverage to New Era with respect to the claims presented in the Underlying Action, and that Southern-Owners has no

obligation under its insurance policies to defend or indemnify New Era or MCI against the claims presented in the Underlying Action.

5. Specifically declares that Starr, Cincinnati, and United have no right to contribution from Southern-Owners for any costs those carriers incur in the defense of New Era.

DATED: August 9, 2021

        **TAYLOR, DAY, GRIMM & BOYD**

        /s/ *Christopher J. Mueller*
        Christopher J. Mueller
        Florida Bar No.: 15536
        cjm@taylordaylaw.com
        Katherine R. Woods
        Florida Bar No.: 105497
        cjm@taylordaylaw.com
        kwoods@taylordaylaw.com
        50 North Laura Street, Suite 3500
        Jacksonville, FL 32202
        Phone: 904/356-0700
        Fax: 904/356-3224

        *Attorneys for Plaintiff Southern-Owners Insurance Company*